IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

KIONNE DEVAUGHN LEWIS

     Plaintiff,

v.                                                    2:26-CV-055-Z-BR

ELEVENTH COURT OF APPEALS,
*et al.*,

     Defendants.

## ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court are the Findings, Conclusions, and Recommendation ("FCR") of the United States Magistrate Judge to dismiss this case as frivolous and for failure to state a claim under 28 U.S.C. Section 1915(e)(2)(B). ECF No. 11. An Objection to the FCR has been filed. ECF No. 12. After making an independent review of the pleadings, files, and records in this case, the Court **OVERRULES** Plaintiff's Objection and concludes that the FCR of the Magistrate Judge is correct. It is therefore **ORDERED** that the FCR of the Magistrate Judge (ECF No. 11) is **ADOPTED** and this case is **DISMISSED with prejudice**.

### LEGAL STANDARD

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b)(2). For timely objections, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). However, for objections that are not filed within the fourteen-day period, the Court reviews the Magistrate Judge's findings and recommendations only for plain error. *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020).

ANALYSIS

The magistrate filed her FCR on June 3, 2026. ECF No. 11. Plaintiff filed his Objection eight days later, on June 11, 2026. ECF No. 12. Because Plaintiff's Objection was timely, this Court reviews de novo any part of the Magistrate's disposition "that has been *properly objected to.*" FED. R. CIV. P. 72(b)(3) (emphasis added).

Plaintiff does not object to the FCR's conclusion that the Eleventh Court of Appeals is a non-jural entity that cannot be sued *See generally* ECF No. 12. He also does not object to the conclusion that he fails to allege physical injury as required under the PLRA. *Id.* The FCR could be sustained on that ground alone.

Plaintiff objects to the conclusion that John M. Bailey ("Bailey"), Chief Justice of the Eleventh Court of Appeals, is protected by judicial immunity. ECF No. 12 at 2. He claims that John Bailey used evidence that was not introduced at trial and mischaracterized other evidence when confirming Plaintiff's conviction. *Id.* at 3–5. He argues that "[j]udicial immunity is only meant to protect Bailey from procedural errors." *Id.* at 2. But judicial immunity is only overcome on two grounds: (1) the action complained of was nonjudicial; and (2) the action was taken "in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). Bailey's affirmance was a judicial action, because it was done in his capacity as a judicial officer. *See Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978). And Plaintiff's objections do not amount to a challenge against Bailey's *jurisdiction*—the objections relate to the way in which he exercised his jurisdiction. ECF No. 12 at 3–5. Thus, Bailey is immune from suit. *See Waco*, 502 U.S. at 11 ("[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages."). Plaintiff's Objection is **OVERRULED**.

2

In the alternative, Plaintiff asks the Court dismiss *without* prejudice and without placing a strike against him under 28 U.S.C. Section 1915(g). ECF No. 12 at 6. When dismissing a case under 28 U.S.C. Section 1915(e)(2)(B), the Court has discretion to dismiss with or without prejudice. *See Castillo v. Blanco*, 330 F. App'x 463, 466 (5th Cir. 2009). "[C]ases are appropriately dismissed with prejudice when evidence exists of bad faith, manipulative tactics, or litigiousness." *Id.* (internal marks omitted). Plaintiff has demonstrated *abundant* evidence of litigiousness, filing at least *eleven* other cases this calendar year alone.[1] Thus, dismissal with prejudice is appropriate. Regarding the 1915(g) strike, it does not seem to the Court that it has discretion whether to issue a strike. 28 U.S.C. Section 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment . . . if the prisoner has, on 3 or more prior occasions . . . brought an action or appeal in a court of the United States that was dismissed" under 28 U.S.C. Section 1915(e)(2)(B)(i) or (ii). Section 1915(g) seems to apply automatically when three actions are dismissed under the relevant section. Regardless, even if it were in the Court's discretion whether to issue a strike, it would exercise that discretion to do so here. Section 1915(g) is meant to deter litigious prisoners from filing frivolous or repetitive lawsuits. *See Mitchell v. Goings*, 37 F.4th 169, 172 (5th Cir. 2022). Given Plaintiff's demonstrated litigiousness, Section 1915(g) is meant to apply in exactly situations such as this. Plaintiff's Objections are **OVERRULED**.

---

[1] The Court takes judicial notice of the cases filed by Plaintiff in 2026. *See Lewis v. The Warden*, No. 2:26-CV-025 (N.D. Tex. filed Feb. 10, 2026) (1); *Lewis v. The Warden*, 2:26-cv-045 (N.D. Tex. filed Mar. 6, 2026) (2); *Lewis v. Williamson*, No. 2:26-CV-054 (N.D. Tex. filed Mar. 12, 2026) (3); *Lewis v. The Warden*, No. 2:26-CV-060 (N.D. Tex. filed Mar. 24, 2026) (4); *Lewis v. The Warden*, No. 2:26-CV-062 (N.D. Tex. filed Mar. 26, 2026) (5); *Lewis v. The Warden*, No. 2:26-CV-065 (N.D. Tex filed Mar. 31, 2026) (6); *Lewis v. The Warden*, No. 2:26-CV-073 (N.D. Tex. filed Apr. 10, 2026) (7); *Lewis v. The Warden*, No. 2:26-CV-078 (N.D. Tex. filed Apr. 13, 2026) (8); *Lewis v. The Warden*, No. 2:26-CV-100 (N.D. Tex. filed May 13, 2026) (9); *Lewis v. the 142nd District Court*, No. 2:26-CV-101 (N.D. Tex. filed May 13, 2026) (10); *Lewis v. Texas*, No. 2:26-CV-120 (N.D. Tex. filed May 29, 2026) (11).

The remainder of Plaintiff's Objections are not specific to the FCR. *See* ECF No. 12 at 1 ("[C]ompensatory damages are what I can not claim even though this proceeding is costing me [$]350.00."); *id.* at 6 ("If John Bailey's interpretation is allowed to stand and is not overturned society will crumble."). Objections to the FCR must be "specific" and "put the district court on notice of the urged error." *Williams v. K&B Equip. Co.*, 724 F.2d 508, 511 (5th Cir. 1984). Where a party objecting to the FCR fails to assert specific objections, the district court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Just so here. Because Plaintiff's statements fail to assert specific objections, Plaintiff's Objection is **OVERRULED**.

CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's Objection and concludes that the FCR of the Magistrate Judge is correct following de novo review. It is therefore **ORDERED** that the FCR of the Magistrate Judge (ECF No. 11) is **ADOPTED** and this case is **DISMISSED with prejudice**.

**SO ORDERED.**

June **26** 2026

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE